IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FEDERAL HOME LOAN MORTGAGE,

    Plaintiff,                                CIV. NO. S-12-0500 JAM GGH PS

    vs.

RUSSELL DODD,

    Defendant.                           FINDINGS AND RECOMMENDATIONS

_____/

        This is an unlawful detainer action that was removed by pro se defendant Russell Dodd from Sacramento County Superior Court on February 27, 2012. (Dkt. No. 1.) It was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21).

        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (See Dkt. No. 2.) Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. After reviewing the notice of removal and its accompanying documents, the court concludes that it lacks subject matter jurisdiction over the action.

\\\\\

1

1       Removal jurisdiction statutes are strictly construed against removal. See Libhart
2 v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be
3 rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc.,
4 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the
5 party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930, 932 (9th
6 Cir. 1994).

7       A defendant may remove a civil action from state court to federal district court
8 only if the district court has original jurisdiction over the action, i.e. if the action originally could
9 have been filed in federal court. See 28 U.S.C. § 1441(a). A district court has original
10 jurisdiction over a civil action when: (1) a federal question is presented in an action "arising
11 under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of
12 citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

13       In regards to federal question jurisdiction, federal courts have "jurisdiction to
14 hear, originally or by removal from a state court, only those cases in which a well-pleaded
15 complaint establishes either that federal law creates the cause of action, or that the plaintiff's
16 right to relief necessarily depends on resolution of a substantial question of federal law."
17 Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). Mere
18 reference to federal law is insufficient to permit removal. See Smith v. Industrial Valley Title
19 Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992). Also, defenses and counterclaims cannot provide a
20 sufficient basis to remove an action to federal court. See Berg v. Leason, 32 F.3d 422, 426 (9th
21 Cir. 1994); Takeda v. Northwestern Nat. Life Ins. Co., 765 F.2d 815, 821-22 (9th Cir. 1985); FIA
22 Card Servs. v. McComas, 2010 WL 4974113 (S.D. Cal. Dec. 2, 2010).

23       Here, removal cannot be based on federal question jurisdiction. The removal
24 notice establishes that the state court action is nothing more than a simple unlawful detainer
25 action. (See Dkt. No. 1 at 1-3. ) This court has no jurisdiction over unlawful detainer actions,
26 which are strictly within the province of the state court.

1           Defendant contends that federal question jurisdiction exists because defendant's
2   state court demurrer, which was apparently not sustained, depended on the determination of
3   defendant's rights and plaintiff's duties under federal law, in particular the Protecting Tenants at
4   Foreclosure Act ("PTFA").  See Pub. L. No. 111-22, § 702, 123 Stat. 1632 (2009).  A state court
5   demurrer is essentially the equivalent of a motion to dismiss in federal court.  However,
6   plaintiff's complaint itself is strictly an action based on the California unlawful detainer statutes.
7   Thus, defendant's reference to the PTFA is best characterized as a potential defense or
8   counterclaim, neither of which is considered in evaluating whether a federal question appears on
9   the face of a plaintiff's complaint.
10          Any defenses based on federal law must generally be raised in the state court
11  action and do not provide a basis for removal.  "A case may not be removed to federal court on
12  the basis of a federal defense,...even if the defense is anticipated in the plaintiff's complaint, and
13  even if both parties admit that the defense is the only question truly at issue in the case." ARCO
14  Environmental Remediation, LLC v. Dept. of Health and Environmental Quality of the State of
15  Montana, 213 F.3d 1108, 1113 (9th Cir. 2000); see also Valles v. Ivy Hill Corp., 410 F.3d 1071,
16  1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on
17  a federal court, even if the defense is that of federal preemption and is anticipated in the
18  plaintiff's complaint.")  Indeed, several federal district courts in California have specifically held
19  that a defense based on the PTFA cannot serve as the basis for removal jurisdiction.  See e.g.
20  Aurora Loan Services, LLC v. Montoya, 2011 WL 5508926, at *4 (E.D. Cal. Nov. 9, 2011); SD
21  Coastline LP v. Buck, 2010 WL 4809661, at **2-3 (S.D. Cal. Nov. 19, 2010); Wescom Credit
22  Union v. Dudley, 2010 WL 4916578, at **2-3 (C.D. Cal. Nov. 22, 2010); Aurora Loan Services,
23  LLC v. Martinez, 2010 WL 1266887, at *1 (N.D. Cal. March 29, 2010).
24          Nor can the action be removed on grounds of diversity jurisdiction.  Defendant is
25  a citizen of California and therefore cannot remove the action from a California state court on the
26  basis of diversity jurisdiction.  See 28 U.S.C. § 1441(b) ("Any civil action of which the district

courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.")

Based on the aforementioned analysis, the court finds that remand is appropriate, because there is no subject matter jurisdiction. In light of the above, defendant's request to proceed in forma pauperis will also be denied.

IT IS HEREBY RECOMMENDED THAT:

1. Defendant's request to proceed in forma pauperis (dkt. no. 2) be denied.

2. The action be remanded to the Sacramento County Superior Court;

3. The Clerk be directed to serve a certified copy of this order on the Clerk of the Sacramento County Superior Court, and reference the state case number (11UD05445) in the proof of service; and

4. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, defendant may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Defendant is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 02/28/12

/s/ Gregory G. Hollows
U.S. MAGISTRATE JUDGE

GGH/wvr
Dodd.500.ifp-fr.remand.wpd